IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE
PARTS ASSOCIATION, INC.

            CIVIL ACTION
  Plaintiff,        NO. MJG 02 CV 3310

v.

BEL AIR AUTOCARE
CENTER, INC. and GARY
FRANKLIN,

  Defendants.

## PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS

COMES NOW, Plaintiff in the above-styled action, and moves this court to enter

default judgment against Defendants Bel Air AutoCare Center, Inc. and Gary Franklin

(hereinafter collectively referred to as "Defendants"), pursuant to Federal Rule of Civil

Procedure 55(b), for failure to plead or otherwise defend, for the reasons set forth in the

accompanying Memorandum in Support.  A Proposed Order of Judgment is attached

hereto for the Court's convenience.

This 24th day of July, 2003.

           Respectfully submitted,


           /s/ Steven G. Hill
           Steven G. Hill
           Georgia Bar No. 354658
           Admitted *Pro Hac Vice*
           Attorney for the Plaintiff
           Hill, Kertscher & Pixley LLP
           2859 Paces Ferry Road
           Suite 750
           Atlanta, Georgia 30339

(770) 953-0995

Matthew A. Egeli
Maryland Bar No. 05987
Hartman and Egeli, LLP
116 Defense Highway
Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 (fax)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE
PARTS ASSOCIATION, INC.

                                        CIVIL ACTION
         Plaintiff,                     NO. MJG 02 CV 3310

v.

BEL AIR AUTOCARE
CENTER, INC. and GARY
FRANKLIN,

         Defendants.

## CERTIFICATE OF SERVICE

        The undersigned hereby certifies that a copy of the foregoing
PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST
DEFENDANTS has been served via U.S. Mail, postage prepaid, upon the following for
Defendants:

                        Gary Franklin
                     Bel Air Auto Care Center
                        418 N. Main St.
                     Bel Air, Maryland 21014

This 24th day of July, 2003.

                              Respectfully Submitted,


                              /s/ Steven G. Hill
                              Steven G. Hill
                              Georgia Bar No. 354658
                              Hill, Kertscher & Pixley

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE             )
PARTS ASSOCIATION, INC.         )
                                )       CIVIL ACTION
        Plaintiff,              )       NO. MJG 02 CV 3310
                                )
v.

BEL AIR AUTOCARE
CENTER, INC. and GARY
FRANKLIN,                       )

        Defendants.             )

## PLAINTIFF'S MEMORANUM IN SUPPORT OF ITS MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS

COMES NOW, NATIONAL AUTOMOTIVE PARTS ASSOCIATION, INC.

("NAPA"), Plaintiff in the above-styled action, and files this Memorandum in Support of

its Motion for Entry of Default Judgment Against Defendants, BEL AIR AUTOCARE

CENTER, INC. and GARY FRANKLIN, showing the Court as follows:

### STATEMENT OF THE CASE

This Honorable Court enjoys subject matter jurisdiction over Defendants pursuant

to 15 U.S.C.A. § 1121(a) and 28 U.S.C.A. § 1338(a). This Honorable Court enjoys

personal jurisdiction over both Defendants as residents of the state of Maryland.

Defendants were properly served with process pursuant to Federal Rule of Civil

Procedure 4. The summons and complaint were served upon Defendant Gary Franklin

personally, and upon Defendant Bel Air AutoCare through service upon Gary Franklin as

the managing agent of the corporation. Defendants have failed to plead, make an

appearance, or otherwise defend the action. An order of default was entered December 6,

2002 against these Defendants.

## STATEMENT OF FACTS

The facts alleged in the complaint are admitted and need not be repeated in full here. The sad truth of this case is that Plaintiff contacted Defendants on numerous occasions attempting to obtain their cooperation in ceasing to use the NAPA® marks prior to ever filing this lawsuit. *See* Correspondence attached hereto as Exhibit A. As shown in the pictures attached hereto as Exhibit B, which accurately reflect the Defendants' store, the infringement in this case is blatant, and it is willful. As the owner of famous marks, Plaintiff takes seriously its responsibility to protect the integrity of its marks.

## ARGUMENT

After Defendants failed to timely answer within the twenty-day deadline as required by Federal Rule of Civil Procedure 12(a), the Court entered a default against Defendants on December 6, 2002. Defendants also failed to answer by the June 9, 2003, deadline pursuant to this Court's Scheduling Order of May 7, 2003. Because of Defendants' failure to plead or otherwise defend, NAPA is entitled to judgment by default against Defendants. Fed.R.Civ.P. 55(b).

A trademark owner is entitled to recover a reasonable royalty for infringement and/or dilution of the mark. *A&H Sportswear Co. v. Victoria's Secret Stores, Inc.*, 967 F.Supp. 1457, 1479 (E.D. Pa. 1997). The calculation of trademark damages need not be done with mathematical precision. *See Sands Taylor & Wood v. Quaker Oats Co.*, 34 F.3d 1340, 1351-52 (7th Cir. 1994). That is especially true here, where Plaintiff was denied the opportunity to take discovery from the Defendants regarding the full extent of their product sales during the two years they have been using the NAPA® mark as their

storefront signage without authorization. As shown in the attached Declaration of James Duckworth, what Plaintiff does know it that it is reasonable to conclude the Defendants are running a million dollar-plus annual sales operation based upon the amount of automotive parts they have ordered from just a handful of suppliers of which we are aware. Based upon the reasonable conclusions as to the amount of products purchased, and knowledge of pricing by retailers in the industry, the damages due to trademark infringement and trademark dilution committed by these defendants amount to $116,456.00.[1] This number represents no more than a 20% royalty on the amount of auto parts likely purchased wholesale during the infringement period, or a 10% royalty on the likely sales of Defendant's auto parts during same period.

A trademark owner is also entitled to recover attorney's fees in an exceptional case. *People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 370 (4th Cir. 2001) (citing 15 U.S.C. § 1117(a)). Cases of willful infringement, such as this one, are treated as exceptional. *Id.* ("a case is 'exceptional' if the defendant's conduct was 'malicious, fraudulent, willful or deliberate in nature.'"). Therefore, recovery of expenses of this litigation are properly recoverable by Plaintiff. As shown in the attached Declaration of Steven G. Hill, the attorney's fees and costs of litigation in this case are $13,572.83, and those expenses are fair and reasonable.

WHEREFORE, Plaintiff prays that this court enter judgment against Defendants and in favor of Plaintiff, that Defendants be deemed to have admitted all well-pleaded allegations in Plaintiff's Complaint, and damages be awarded to Plaintiff in the amount of $116,456.00, together with attorneys' fees and costs in the amount of $13,572.83.

---

[1] 15 U.S.C. 1117 authorizes the Court to treble the damages in this case because of the willful infringement of the NAPA®-related marks in its discretion.

Furthermore, pursuant to Rule 65 of the Federal Rules of Civil Procedure, Plaintiff

respectfully request that an order be issued permanently enjoining the Defendants, and all

those in active concert and participation with them, from using the NAPA trade name, as

well as all registered NAPA® trademarks and service marks, including but not limited to

U.S. Registration No. 1209182 and U.S. Registration No. 1484828, in connection with

the operation of any automotive business, including but not limited to Bel Air Autocare

Center, Inc.

This 24th day of July, 2003.

Respectfully submitted,


/s/ Steven G. Hill
Steven G. Hill
Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP
2859 Paces Ferry Road
Suite 750
Atlanta, Georgia 30339
(770) 953-0995

Matthew A. Egeli
Maryland Bar No. 05987
Hartman and Egeli, LLP
116 Defense Highway
Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 (fax)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE
PARTS ASSOCIATION, INC.

       Plaintiff,

CIVIL ACTION
NO. MJG 02 CV 3310

v.

BEL AIR AUTOCARE
CENTER, INC. and GARY
FRANKLIN,

       Defendants.

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing
PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR ENTRY OF
DEFAULT JUDGMENT AGAINST DEFENDANTS has been served via U.S. Mail,
postage prepaid, upon the following for Defendants:

Gary Franklin
Bel Air Auto Care Center
418 N. Main St.
Bel Air, Maryland 21014

This 24th day of July, 2003.

Respectfully Submitted,

/s/ Steven G. Hill
Steven G. Hill
Georgia Bar No. 354658
Hill, Kertscher & Pixley





**EXHIBIT**

_A_











June 10, 2002

**VIA UPS NEXT DAY AIR**
Mr. Gary Franklin
Bel Air AutoCare
418 N. Main Street
Bel Air, MD  21014

RE:  Unauthorized Use of the NAPA® logo

Dear Mr. Franklin:

The NAPA® logo is a Federally registered trademark which is protected by the relevant trademark laws.  Accordingly, your continued use of NAPA® signage and materials is unlawful.

On behalf of the National Automotive Parts Association, I hereby demand that your company immediately discontinue any use and display of the NAPA® logo or trademark.  This includes the discontinuance of use of all NAPA® AutoCare signage, service orders and invoices.  Your company's unauthorized use and display of the trademark constitutes an infringement of the registered trademark rights of the National Automotive Parts Association.  If your company should fail or refuse to comply with this demand, then the National Automotive Parts Association will have no alternative but to seek legal redress for your company's infringement, which will include monetary damages, attorney's fees and all other expenses associated with your company's infringement.

It was also brought to our attention that your establishment is in arrears for the amount of $12,000.00 in overdue NAPA AutoCare fees.  Please make arrangements to pay this past due amount within ten (10) days after your receipt of this letter.

If you have any questions, please call me directly.

Very truly yours,

Scott C. Smith

SCS:er

Cc: Jim Duckworth – Quaker City Motor Parts
     Tim O'Neil – Quaker City Motor Parts



LAW OFFICES
HILL & KERTSCHER, LLP

OVERLOOK III
2859 PACES FERRY ROAD
SUITE 750
ATLANTA, GEORGIA 30339

770-953-0995
FACSIMILE 770-953-1358

*Steven G. Hill*                                                    *E-Mail: sgh@hklaw.org*

August 29, 2002

**VIA FEDERAL EXPRESS**

Mr. Gary Franklin
Bel Air AutoCare
418 N. Main Street
Bel Air, Maryland 21014

        Re: Unauthorized Use of NAPA® logo

Dear Mr. Franklin:

        We represent the National Automotive Parts Association ("NAPA"). NAPA is the owner of over thirty registered NAPA® trademarks and service marks (collectively, the "Marks"), including U.S. Registration No. 1209182 (cl. 42) and No. 1484828 (collective membership), including registrations covering the distinctive NAPA® logo.

        As you know, Scott C. Smith wrote to you on behalf of NAPA on or about June 10, 2002, regarding your company's use of the NAPA® Marks on signage, service orders and invoices. Having heard no response from you, we have prepared a lawsuit, and we are prepared to file it against you in ten (10) business days unless we receive written confirmation from you of your intention to cease and desist from the further use of any of the NAPA® Marks. You will note that Section 43 of the Lanham Act, under which trademark infringement suits are brought, provides the prevailing plaintiff with a broad range of recoveries, including damages, disgorgement of profits, costs and attorney's fees. In cases of willful trademark infringement such as yours, the Act also provides for the trebling (*i.e.*, tripling) of damages.

        We also note that you do not deny being in arrears to NAPA in the amount of $12,000.00 in overdue NAPA AutoCare® fees. As a result, the lawsuit we may file will include NAPA's claim against you for the recovery of this principal, along with interest and attorney's fees. Please contact me upon your receipt of this letter to discuss working out an acceptable arrangement that will satisfy your account with NAPA.

LAW OFFICES
HILL & KERTSCHER, LLP

Mr. Gary Franklin
August 29, 2002
Page 2 of 2


    I hope you will work with me to reach a suitable disposition of these matters very quickly. Call me if you have any questions.

                         Sincerely,

                         Steven G. Hill

Cc:    Damon Elmore, Esq. (via fax)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE
PARTS ASSOCIATION, INC.

    Plaintiff,

                         CIVIL ACTION
                         NO. MJG 02 CV 3310

v.

BEL AIR AUTOCARE
CENTER, INC. and GARY
FRANKLIN,

    Defendants.

## DECLARATION OF JAMES DUCKWORTH

       I, James Duckworth, declare under penalty of perjury that the following statements are true and correct:

1.     I am over twenty-one years of age and am competent to testify in this matter. I am President and Chief Executive Officer of Quaker City Motor Parts Co. (QCMP).

2.     Quaker City Motor Parts Co. distributes automotive replacement parts and accessory items under the NAPA• brand name. In my role as President and CEO of QCMP, I am on the Board of Directors for NAPA•. For that reason, I am familiar with the trademarks at issue in this suit and the computation of a fair and reasonable royalty for the unauthorized use of said marks.

3.     Attached hereto as Exhibit A is a Jobber Customer Sales Analysis, which is a report maintained by NAPA•, and which shows the purchases of certain NAPA• auto parts by Defendant Bel Air AutoCare Center, account 8508.

4.     Attached hereto as Exhibit B is our "1999 AutoCare Detail Report." For August 1999. This report is generated by the Plaintiff from its business

records. This report shows that the Defendant purchased $166,992 from Total
Automotive Services between January 1, 1999 and end of August 1999, of
which $35,227 was the purchase of NAPA•auto parts for resale.

5.    Attached hereto as Exhibit C is a spreadsheet average monthly purchases in
1999 with an estimated increase per annum based on Exhibits A and B. We
show that Defendant has likely purchased at least $582,280 worth of auto
parts during the time period (24 months) that it has been infringing the marks
at issue in this case.

6.    Applying keystone pricing principles, which dictate that retailers mark-up the
price of their goods by 100% in order to achieve their margins, it is reasonable
to include based on the information that is available to us at this time that
Defendant has made in excess of a million dollars worth of sales during the
time period it has been engaged in trademark infringement and trademark
dilution. Normally, NAPA•would ask for a royalty in the amount of 10% of a
store's gross sales for the prominent use of our marks on store signage and in
the store windows, which is how the Defendant has used the marks at issue
during the period of infringement and dilution. However, because we do not
have exact figures in this case, a reasonable royalty in the amount of twenty
percent (20%) of the price of the auto parts purchased by Defendant with a
view towards resale appears to be a more reasonable and conservative
measure of the royalties due to Plaintiff here.

7.    When twenty percent royalty applied to auto part purchases is applied to what
      we know of the purchasing history of Defendant, the amount of the royalty is
      $116,456.

8.    These numbers are conservative in that, if anything, it is likely Defendant
      purchased additional auto parts from others that were never reported to
      Plaintiff.

FURTHER DECLARANT SAYETH NOT.

This 22 day of July 2003.

James Duckworth
President and CEO
QUAKER CITY MOTOR PARTS CO.

Sworn and Subscribed Before me
This _22ND_ day of _July_, 2003.

Notary Public

My Commission expires: _12/28/2004_

10:37:32 A.

AD901R
/28/2002

JOBBER CUSTOMER SALES ANALYSIS

Jobber Number  103
Jobber Name  ABERDEEN AUTOMOTIVE SUPPLY

YEAR END = FEBRUARY

| Acct Name | | M A R Gross Sales (GP) | A P R | A Y | U N | J U L | A U G | S E P | O C T | N O V | D E | A N | E B | Year to Date Sales (GP) |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8490 TOTAL ENGINE SERV.&SUPP.CO.INC | Curr | 47 (34) | 216 (42) | 0 (0) | 0 (0) | 616 (25) | 158 (43) | 977 (34) | 437 (48) | 114 (39) | 202 (37) | 49 (38) | 35 (63) | 2,854 (36) |
| | Prev | 6 (52) | 0 (0) | 130 (40) | 4 (0) | 24 (21) | 228 (37) | 0 (0) | 0 (0) | 206 (36) | 6-(0) | 0 (0) | 19 (45) | 614 (37) |
| | Incr/Decr | 595.3 | 999.9 | 100.0- | 100.0- | 390.1 | 30.9- | 999.9 | 999.9 | 44.7- | 999.9 | 999.9 | 85.3 | 364.5 |
| 8498 R.J. TOMPKINS | Curr | 110 (41) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 28 (41) | 49 (40) | 31 (42) | 2 (35) | 33 (35) | 239 (44) | 29 (38) | 526 (42) |
| | Prev | 20 (39) | 0 (0) | 127 (40) | 60 (35) | 13 (41) | 606 (35) | 63 (40) | 4 (42) | 56 (37) | 8 (37) | 17 (35) | 86 (43) | 1,066 (37) |
| | Incr/Decr | 434.9 | .0 | 100.0- | 100.0- | 100.0- | 95.3- | 22.1- | 648.6 | 95.7- | 308.2 | 242.3 | 65.9- | 50.7- |
| 8508 BELAIR AUTOCARE CENTER | Curr | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 0) | 5,643 (30) | 3,480 (30) | 5,675 (30) | 6,480 (33) | 4,312 (34) | 286 (22) | 175 (33) | 26,053 (31) |
| | Prev | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) |
| | Incr/Decr | .0 | .0 | .0 | .0 | .0 | 999.9 | 999.9 | 999.9 | 999.9 | 999.9 | 999.9 | 999.9 | 999.9 |
| 8512 MARYLAND PRIDE FARM | Curr | 1,225 (20) | 95 (33) | 160 (34) | 206 (32) | 432 (39) | 81 (35) | 100 (40) | 264 (34) | 15 (39) | 147 (46) | 80 (37) | 0 (0) | 2,811 (30) |
| | Prev | 69 (32) | 216 (34) | 388 (36) | 419 (39) | 187 (34) | 403 (41) | 17 (35) | 33 (37) | 11 (36) | 0 (0) | 59 (27) | 41 (36) | 1,848 (37) |
| | Incr/Decr | 670.3 | 56.1- | 58.8- | 50.8- | 130.7 | 79.7- | 489.9 | 687.6 | 34.3 | 999.9 | 35.2 | 100.0- | 52.1 |
| 8525 TREY-TEC AUTO SERVICE | Curr | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 1 (63) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 1 (63) |
| | Prev | 441 (38) | 291 (39) | 884 (38) | 245 (40) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 1,862 (38) |
| | Incr/Decr | 100.0- | 100.0- | 100.0- | 100.0- | .0 | 0- | 999.9 | 0 | 0 | 0 | .0 | .0 | 99.9- |
| 8530 TRISON CONSTRUCTION INC | Curr | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 0) | 255 (29) | 410 (38) | 665 (35) |
| | Prev | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 0) | 0 (0) | 0 (0) | 0 (0) |
| | Incr/Decr | .0 | .0 | .0 | .0 | .0 | .0 | .0 | .0 | .0 | .0 | 999.9 | 999.9 | 999.9 |
| 8540 T & S AUTO BODY | Curr | 4 (34) | 99 (32) | 837 (28) | 287 (29) | 37 (33) | 48 (34) | 0 (0) | 14 (22) | 31 (30) | 13 (40) | 72 (30) | 154 (23) | 1,600 (28) |
| | Prev | 254 (35) | 415 (43) | 286-(0) | 457 (34) | 269 (19) | 507 (34) | 937 (27) | 794 (25) | 256-(0) | 19 (35) | 85 (42) | 170 (28) | 3,783 (31) |
| | Incr/Decr | 98.2- | 76.0- | 999.9 | 37.2- | 86.2- | 90.5- | 100.0- | 98.2- | 999.9 | 30.1- | 85.4- | 9.3- | 57.7- |
| 8547 FALCOMER EQUIPMENT CORP | Curr | 57 (34) | 70 (34) | 91 (33) | 141 (32) | 0 (0) | 73 (34) | 220 (30) | 191 (35) | 97 (34) | 141 (37) | 169 (33) | 98 (33) | 1,054 (33) |
| | Prev | 37 (37) | 12 (33) | 101 (33) | 27 (40) | 33 (34) | 38 (35) | 141 (31) | 0 (0) | 129 (34) | 168 (39) | 139 (33) | 50 (32) | 880 (35) |
| | Incr/Decr | 51.8 | 485.1 | 10.5- | 534.7 | 100.0- | 94.3 | 56.1 | 999.9 | 24.4- | 16.0- | 21.5 | 93.7 | 87.9 |
| 8719 U-HAUL OF BALT. REPAIR SHOP | Curr | 0 (0) | 34 (34) | 0 (0) | 0 (0) | 0) | 0 0) | 62 (45) | 0 (0) | 8 (33) | 0 (0) | 0 (0) | 100 (34) | 206 (37) |
| | Prev | 51 (36) | 0 (0) | 0 (0) | 0 (0) | 0) | 0 0) | 0 (0) | 0 (0) | 0 (0) | 158 (29) | 0 (0) | 0 (0) | 209 (31) |
| | Incr/Decr | 100.0- | 999.9 | .0 | .0 | 0 | 0 | 999.9 | .0 | 999.9 | 100.0- | .0 | 999.9 | 1.6- |
| 8790 SUPER VALUE INC | Curr | 0 (0) | 0 (0) | 13 (39) | 0 (0) | 0 (0) | 0 0) | 0 0) | 0 (0) | 0 0) | 0 0) | 0 (0) | 0 (0) | 13 (39) |
| | Prev | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 0) | 0 0) | 0 (0) | 0 0) | 0 0) | 0 (0) | 0 (0) | 0 (0) |
| | Incr/Decr | .0 | .0 | 999.9 | .0 | .0 | 0 | 0 | .0 | .0 | .0 | .0 | .0 | 999.9 |
| 8813 UNITED RENTAL | Curr | 0 (0) | 0 (0) | 0 (0) | 44 (31) | 26 (35) | 0 0) | 0 (0) | 54 (26) | 156 (33) | 0 (0) | 0 (0) | 0 (0) | 282 (32) |
| | Prev | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 316 (31) | 0 (0) | 316 (31) |
| | Incr/Decr | .0 | .0 | .0 | 999.9 | 999.9 | 0 | .( | 999.9 | 999.9 | .0 | 100.0- | .0 | 10.9- |
| 8820 UNITED AUTO CENTER | Curr | 0 (0) | 0 (0) | 0 0) | 0 (0) | 0 (0) | 0 0) | ( 0) | 0 (0) | 0 (0) | 165 (9) | 0 (0) | 0 (0) | 165 (9) |
| | Prev | 0 (0) | 0 (0) | 0 0) | 0 (0) | 0 (0) | 0 0) | ( 0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) |
| | Incr/Decr | .0 | .0 | .0 | .0 | .0 | 0 | .( | .0 | .0 | 999.9 | .0 | .0 | 999.9 |
| 8900 USP & FO FOR MARYLAND | Curr | 171 (36) | 56 (34) | 166 (35) | 0 (0) | 0 (0) | 49 (37) | 0 (0) | 25 (39) | 211 (36) | 32 (37) | 134 (32) | 219 (44) | 1,067 (38) |
| | Prev | 534 (35) | 173 (14) | 45 (34) | 246 (34) | 16 (37) | 104 (34) | 151 (36) | 114 (34) | 9 (36) | 175 (29) | 0 (0) | 108 (51) | 1,680 (35) |
| | Incr/Decr | 67.9- | 67.2- | 268.4 | 100.0- | 100.0- | 53.2- | 100.0- | 78.0- | 45.0 | 81.5- | 999.9 | 102.1 | 36.5- |
| 9054 AAA | Curr | 0 (0) | 11 (43) | 0 (0) | 14 (42) | 0 (0) | 16 (37) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 0 (0) | 41 (40) |
| | Prev | 0 (0) | 85 (40) | 0 (0) | 2 (44) | 0 (0) | 0 (0) | ( 0) | 0 (0) | 0 (0) | 44 (39) | 32 (38) | 0 (0) | 165 (39) |
| | Incr/Decr | .0 | 87.1- | .0 | 388.3 | .0 | 999.9 | .0 | .0 | .0 | 100.0- | 100.0- | .0 | 74.9- |
| 9168 RON WAGONER | Curr | 0 (0) | 72 (42) | 55 (33) | 83 (41) | 58 (39) | 82 (39) | 116 (38) | 6-(0) | 196 (36) | 20 (40) | 55 (47) | 7 (39) | 741 (40) |
| | Prev | 346 (39) | 0 (0) | 43 (41) | 56 (43) | 177 (34) | 148 (38) | 327 (40) | 60 (43) | 240 (34) | 23 (8) | 81 (37) | 225 (42) | 1,732 (38) |
| | Incr/Decr | 100.0- | 999.9 | 26.4 | 47.0 | 67.1- | 44.8- | 64.3- | 110.7- | 18.5- | 12.6- | 32.0- | 96.8- | 57.2- |



EXHIBIT

A

EXHIBIT B

...ity Motor Parts
...ware

1999 AutoCare Detail Report
Sales, Potential and Co-Op
August, 1999

MAMPVR Date 9/09/99
Time 21:19:58
Page 2674

| Customer ID / Program / Customer Name / Business City/St | AC Start Date / COOP Start Date | | 1999 Total | 1999 Qualified | 1998 Total | %Inc/Dec | 1999 Co-Op/Volume Incentive Rebate | Accrued | Available | Pending |
|---|---|---|---|---|---|---|---|---|---|---|
| **621 (J) SEAFORD AUTO PARTS SEAFORD, DE** | | | | | | | | | | |
| 18-621-01285 | 1999-08-01 | MTD Sales | 17,635 | 12,761 | 14,834 | 18.9% | Co-Op | | | |
| MECH | 1999-08-01 | YTD Sales | 109,677 | 77,084 | 151,374 | -27.5% | MTD | 255 | | |
| Carey's Inc. | | | | | | | YTD | 1,542 | 0 | 3,697 |
| Laurel, DE | | Potential MTD | 17,500 | | 17,500 | | | | | |
| Phone #: 302-875-5674 | | % Potential MTD | 100.8% | | 84.8% | 18.9% | Volume Incentive Rebate Paid | | | |
| Bays: 07 Miles: 00 800#: Y | | Potential YTD | 140,000 | | 140,000 | | QTR | 26 | | |
| Mbr Since: 8/94 Status: 01 | | % Potential YTD | 78.3% | | 108.1% | -27.6% | YTD | 658 | | |
| **Store: (J) SEAFORD AUTO PARTS SEAFORD, DE** | | | | | | | | | | |
| Bays: 7 | | MTD Sales | 17,635 | 12,761 | 14,834 | 18.9% | Co-Op | | | |
| | | YTD Sales | 109,677 | 77,084 | 151,374 | -27.5% | MTD | 255 | | |
| | | | | | | | YTD | 1,542 | 0 | 3,697 |
| | MECH COLL | Potential MTD | 17,500 | | 17,500 | | | | | |
| AutoCare Cust: | 1 0 | % Potential MTD | 100.8% | | 84.8% | 18.9% | Volume Incentive Rebate Paid | | | |
| Co-op Cust...: | 1 0 | Potential YTD | 140,000 | | 140,000 | | QTR | 26 | | |
| Nat.Acct.Cust: | 0 | % Potential YTD | 78.3% | | 108.1% | -27.6% | YTD | 658 | | |
| **646 (J) TOTAL AUTOMOTIVE SERVICES INC BEL AIR, MD** | | | | | | | | | | |
| 18-646-00001 | 1999-01-01 | MTD Sales | 27,571 | 6,050 | 17,434 | 58.1% | Co-Op | | | |
| MECH | 1999-01-01 | YTD Sales | 166,992 | 35,227 | 148,945 | 12.1% | MTD | 121 | | |
| N.A.P.A. Autocare Belair | | | | | | | YTD | 705 | 0 | 518 |
| BelAir, MD | | Potential MTD | 7,500 | | 7,500 | | | | | |
| Phone #: 410-838-8288 | | % Potential MTD | 367.6% | | 232.4% | 58.2% | Volume Incentive Rebate Paid | | | |
| Bays: 03 Miles: 00 800#: Y | | Potential YTD | 60,000 | | 60,000 | | QTR | 209 | | |
| Mbr Since: 3/93 Status: 01 | | % Potential YTD | 278.3% | | 248.2% | 12.1% | YTD | 467 | | |
| **Store: (J) TOTAL AUTOMOTIVE SERVICES INC BEL AIR, MD** | | | | | | | | | | |
| Bays: 3 | | MTD Sales | 27,571 | 6,050 | 17,434 | 58.1% | Co-Op | | | |
| | | YTD Sales | 166,992 | 35,227 | 148,945 | 12.1% | MTD | 121 | | |
| | | | | | | | YTD | 705 | 0 | 518 |
| | MECH COLL | Potential MTD | 7,500 | | 7,500 | | | | | |
| AutoCare Cust: | 1 0 | % Potential MTD | 367.6% | | 232.5% | 58.1% | Volume Incentive Rebate Paid | | | |
| Co-op Cust...: | 1 0 | Potential YTD | 60,000 | | 60,000 | | QTR | 209 | | |
| Nat.Acct.Cust: | 0 | % Potential YTD | 278.3% | | 248.2% | 12.1% | YTD | 467 | | |
| **674 (J) Watkins Auto Supply Cambridge, MD** | | | | | | | | | | |
| 18-674-01895 | 1999-03-01 | MTD Sales | 4,188 | 3,620 | 4,718 | -11.2% | Co-Op | | | |
| MECH | 1999-03-01 | YTD Sales | 38,972 | 33,985 | 38,313 | 1.7% | MTD | 72 | | |
| Mullins & Sons Inc. | | | | | | | YTD | 680 | 680 | 0 |
| Trappe, MD | | Potential MTD | 10,000 | | 10,000 | | | | | |
| Phone #: 410-822-5528 | | % Potential MTD | 41.9% | | 47.2% | -11.2% | Volume Incentive Rebate Paid | | | |
| Bays: 04 Miles: 00 800#: Y | | Potential YTD | 80,000 | | 80,000 | | QTR | 0 | | |
| Mbr Since: 3/95 Status: 01 | | % Potential YTD | 48.7% | | 47.9% | 1.7% | YTD | 0 | | |

Status Codes 01:Complete 02:Paid, no form 03:Form Received, not paid 04:Automatic Renewal 05:Contact Innotrac 10-25 Not Active

Bel Air AutoCare Center

Purchases from Aberdeen Automotive

| | | |
|---|---:|---:|
| Aug 2001 | 5,643 | |
| Sep 2001 | 3,480 | |
| Oct 2001 | 5,675 | |
| Nov 2001 | 6,480 | |
| Dec 2001 | 4,312 | |
| | | |
| Total | 25,590 | |
| | | |
| Monthly average | | 5,118 |

Purchases per AutoCare report August 1999

| | | |
|---|---:|---:|
| Qualified (NAPA?) | 35,227 | 4,403 |
| Total | 166,992 | 20,874 |

Average monthly NAPA purchases:

| | |
|---|---:|
| 2001 | 5,118 |
| 1999 | 4,403 |
| | |
| % Increase | 16.2% |

| | | |
|---|:-:|---:|
| Average monthly total purchases in 1999 | | 20,874 |
| Estimated increase in monthly total purchases | | 3,388 |
| Estimated monthly total purchases in 2001 | | 24,262 |
| Months of violation | x | 24 |
| | | 582,280 |
| Percent of damages | x | 20% |
| Estimated damages | | 116,456 |



EXHIBIT

BelAirAC

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE
PARTS ASSOCIATION, INC.

       Plaintiff,

v.

BEL AIR AUTOCARE
CENTER, INC. and GARY
FRANKLIN,

       Defendants.

CIVIL ACTION
NO. MJG 02 CV 3310

## DECLARATION OF STEVEN G. HILL

I, Steven G. Hill, declare under penalty of perjury that the following statements are true and correct:

1.     I am counsel for Plaintiff. As their trademark counsel, I have special experience and expertise associated with the Genuine Parts marks at issue in this case, their prosecution, and their usage by Plaintiff. As a result, it is sensible for Genuine Parts to use my law firm for out-of-state litigation involving enforcement of these trademark rights.

2.     I bill at $250 per hour, which is a reasonable charge based upon my experience in working with other intellectual property specialists around the country. I am a name partner in a ten-lawyer firm with nine years of intellectual property litigation experience, which includes federal litigation over intellectual property rights in over twenty different states.

3.     My associate in this case, Charlene R. Swartz, is billed at $135 per hour. Ms. Swartz is a competent trademark lawyer who works on trademark matters for this client, and for Hooters of America, the national restaurant chain. For a first and second year associate with second-chair trial experience, which Ms. Swartz has, this rate is fair and reasonable, in my own experience.

4.     The attorney's fees in this case amount to $13,572.83. This includes works performed by Ms. Swartz and myself, as well as our local counsel firm, Hartman & Egeli in Annapolis, Maryland. The billing rates of the persons who billed on this matter at that firm are to my knowledge in accordance with reasonable rates and charges in Maryland.

5.     All of the work done in this case was necessary to advance the case, including the preparation and service of the complaint, and the compliance with this Court's Orders.

6.    The expenses of litigation in this case amount to $133.12. These expenses were for copying, filing fees, postage, faxing, and Westlaw fees. I attach for the Court's convenience a computer printout of all of our firm's charges in connection with this matter, including the costs and hourly billings Ms. Swartz and myself.

Dated:  July 23, 2003

Steven G. Hill

Hill, Kertscher & Pixley, LLP
3350 Riverwood Parkway
Suite 800
Atlanta, GA 30339
Federal Tax ID No. 58-2489836

Invoice submitted to:
Damon E. Elmore, Esq.
Genuine Parts Company
2999 Circle 75 Parkway
Atlanta GA 30339

July 23, 2003
In Reference To:  Genuine Parts - NAPA v. Bel Air Auto

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 8/20/2002 | SGH | Research relating to NAPA portfolio of marks; telephone conference with D. Elmore regarding legal issues involved in claims against Bel Air Autocare Center; reviewed packet of information faxed from Elmore. | 1.10 225.00/hr | 247.50 |
| 8/21/2002 | SGH | Reviewed documentation received from Elmore; prepared letter to Elmore and cost estimate. | 1.30 235.00/hr | 305.50 |
| 8/22/2002 | SGH | Continued review of documentation sent by Elmore. | 0.40 235.00/hr | 94.00 |
| 8/27/2002 | SGH | Finished review of documentation; prepared draft demand letter and correspondence with Elmore relating to same. | 0.50 235.00/hr | 117.50 |
| 8/29/2002 | SGH | Conference call with Elmore to go over demand letter; revised accordingly; began outline of complaint. | 0.60 235.00/hr | 141.00 |
| 8/30/2002 | CRS | Meeting with Steven Hill re TM infringement; drafting complaint. | 2.00 135.00/hr | 270.00 |
| | SGH | Worked with Charlene Swartz on outline of complaint against Bel Air. | 0.80 235.00/hr | 188.00 |
| 9/4/2002 | CRS | Review of file; research trademark infringement and dilution law and MD law on accounts stated; began drafting complaint. | 3.50 135.00/hr | 472.50 |
| 9/5/2002 | CRS | Drafting complaint; research re infringement. | 7.50 135.00/hr | 1,012.50 |
| 9/6/2002 | CRS | Revision and completion of draft complaint. | 4.50 135.00/hr | 607.50 |
| | SGH | Worked on complaint for trademark infringement against Franklin/Bel Air, including brief meeting with Charlene Swartz to go over same. | 1.30 235.00/hr | 305.50 |
| 9/9/2002 | CRS | Revised complaint; conference wtih Steven Hill re same. | 2.00 135.00/hr | 270.00 |
| 9/10/2002 | SGH | Preparing complaint against Bel Air/Franklin | 0.40 235.00/hr | 94.00 |

Damon E. Elmore, Esq.                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 9/13/2002 | SGH | Prepared complaint for trademark infringement against Franklin and Bel Air. | 0.60 235.00/hr | |
| 9/16/2002 | CRS | Final edits to complaint; office conference with Steven Hill re exhibits to complaint. | 0.60 135.00/hr | 81.00 |
| 9/27/2002 | CRS | Telephone call with D. Elmore re revisions to complaint; edited complaint. | 1.50 135.00/hr | 202.50 |
| 9/30/2002 | CRS | Telephone call with D. Elmore re finalizing complaint; setting up conference call; revised complaint; conference with Steven Hill re same. | 1.80 135.00/hr | 243.00 |
|  | SGH | Complaint; meeting with Charlene Swartz to discuss revisions. | 0.40 235.00/hr | 94.00 |
| 10/1/2002 | CRS | Telephone call from to and from Damon Elmore; finalized complaint gathered exhibits; arranged for local counsel to file complaint; sent documents to local counsel. | 3.00 135.00/hr | 405.00 |
|  | SGH | Conference with Elmore regarding trademark case; prepared follow up letters. | 1.20 235.00/hr | 282.00 |
| 10/7/2002 | CRS | Telephone call from M. Egeli re information about NAPA place of incorporation to add to complaint, initial disclosures, and corp. affiliation disclosures pursuant to US District of MD local rules; email to D. Elmore re NAPA corporate affiliates. | 1.60 135.00/hr | 216.00 |
| 10/10/2002 | SGH | Conference with Charlene Swartz to discuss service of process issues. | 0.20 235.00/hr | 47.00 |
| 10/14/2002 | CRS | Correspondence with local counsel re service on defendants; drafted letter to Elmore re complaint and service. | 0.50 135.00/hr | |
| 10/18/2002 | CRS | Telephone call to M. Egeli re service on Defendants; confirmed service; sent copy of complaint to D. Elmore. | 0.60 135.00/hr | 81.00 |
| 10/29/2002 | CRS | Email correspondence with local counsel re dates of Steven Hill court/bar admissions. | 0.20 135.00/hr | |
| 11/6/2002 | CRS | Responding to email from local counsel re answer deadline; telephone call to clerk to see if answer had been filed; telephone call to D. Elmore re answer and moving for default; email to Steven Hill re motion for entry of default. | 1.00 135.00/hr | 135.00 |
| 11/7/2002 | CRS | Telephone call to clerk to see if Defendants had filed answer; telephone call to M. Egeli re moving for entry of default judgment; legal research re Fed. Rule 55 re moving for entry of default judgment. | 1.00 135.00/hr | 135.00 |
| 11/11/2002 | CRS | Drafting motion for entry of default judgment and affidavit of Steven Hill. | 1.50 135.00/hr | 202.50 |
| 11/12/2002 | CRS | Office conference with Steven Hill re entry of default; telephone call to M. Egeli re drafting motion for entry of default and having pictures taken of the Bel-Air location to see if they are still displaying Napa signs. | 0.70 135.00/hr | 94.50 |
| 12/4/2002 | CRS | Email correspondence with local counsel re entry of default order and taking photos of Bel Air infringement. | 0.30 135.00/hr | 40.50 |
| 12/5/2002 | CRS | Meeting with Steven Hill and D. Elmore re next steps to take in default in Bel Air case and update to Quaker City Motor Parts. | 1.40 135.00/hr | 189.00 |
|  | SGH | Meeting with D. Elmore and Charlene Swartz re next steps to take in default in Bel Air case | 1.40 235.00/hr | 329.00 |
| 12/6/2002 | CRS | Telephone call and email correspondence with Steven Hill, Damon Elmore and local counsel re having process server take photographs of Bel Air Auto. | 0.40 135.00/hr | 54.00 |

Damon E. Elmore, Esq.

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 12/9/2002 | CRS | Faxed copy of default order to D. Elmore; telephone call to clerk's office re scheduling of hearing. | 0.20<br>135.00/hr | 27.00 |
| 12/10/2002 | CRS | Reviewed photographs of Bel Air store; email to D. Elmore re photos. | 0.20<br>135.00/hr | |
| 12/11/2002 | CRS | Office conference with Steven Hill re next steps to take in default and how to gather profit evidence; telephone call to D. Elmore re obtaining historical record of Bel Air's profits and preparing report for Quaker City; had color copies made of photos. | 1.20<br>135.00/hr | 162.00 |
| 12/12/2002 | CRS | Conference call with Steven Hill and D. Elmore re future actions. | 0.40<br>135.00/hr | 54.00 |
| 3/3/2003 | CRS | Telephone call to D. Elmore re obtaining financial docs from Quaker City for default damages. | 0.20<br>135.00/hr | |
| 3/5/2003 | CRS | Reviewed letter from MD district court re mandatory electronic filing, registered Steven G. Hill for electronic filing. | 0.70<br>135.00/hr | |
| 4/22/2003 | CRS | Reviewed order from court re filing status update, telephone call to D. Elmore re whether to proceed with filing default judgment, forwarded court order to him, reviewed email from local counsel re order. | 0.30<br>135.00/hr | 40.50 |
| 4/29/2003 | SGH | Conference with Swartz and Elmore regarding scheduling order preparation and filing. | 0.60<br>250.00/hr | 150.00 |
| | CRS | Conf w/ SGH re completing scheduling order. | 0.30<br>135.00/hr | 40.50 |
| 4/30/2003 | CRS | Telephone call to D. Elmore re scheduling order, checked on e-filing to make sure we were set up to be able to file scheduling order electronically. | 0.40<br>135.00/hr | |
| 5/1/2003 | CRS | Drafted proposed scheduling order. | 1.00<br>135.00/hr | 135.00 |
| 5/2/2003 | CRS | Completed SGH edits to proposed scheduling order, drafted motion for entry of order, research re how to electronically file pleadings, t/c to D. MD Ct re problems with e-filing, completed e-filing of motion and reviewed confirmation. | 3.20<br>135.00/hr | 432.00 |
| 5/5/2003 | CRS | Emailed proposed scheduling order to D. Elmore; conf w/SGH re filing of motion for entry of scheduling order. | 0.20<br>135.00/hr | 27.00 |
| 5/7/2003 | CRS | Telephone calls from judge's office re sending Order to attach to Motion for Entry of Scheduling Order; drafted Order and emailed to judge's office. | 0.80<br>135.00/hr | 108.00 |
| 5/20/2003 | CRS | Letter to D. Elmore re judge granting motion for entry of scheduling order and discovery deadlines. | 0.30<br>135.00/hr | 40.50 |
| 6/16/2003 | CRS | Email correspondence from M. Egeli re telephone call he rec'd from Judge re promptly filing motion for default judgment, conf w/ SGH re same. | 0.30<br>135.00/hr | 40.50 |
| 6/23/2003 | SGH | Prepared motion for default judgment and order; focused on attorney's fees declaration and proper form of injunctive relief applying Rule 65, FRCP. | 1.00<br>250.00/hr | 250.00 |
| | CRS | Drafted motion for default judgment, reviewed SGH comments and revised, drafted declaration of SGH for attorney fees claim. | 2.00<br>135.00/hr | 270.00 |
| 6/26/2003 | CRS | Calculated attorneys fees and expenses, edited motion for default judgment, email to Damon Elmore and SGH re reviewing draft motion. | 1.00<br>135.00/hr | 135.00 |
| 7/23/2003 | SGH | worked on memorandum of law in support of motion for default judgment; identified authorities needed and communication of same to CRS | 0.83<br>250.00/hr | 208.33 |

Damon E. Elmore, Esq.                                                                          Page    4

|  |  |  | Hours | Amount |
|---|---|---|---|---|
| For professional services rendered |  |  | 60.93 |  |
| Additional Charges : |  |  |  |  |

|  |  |  | Qty/Price |  |
|---|---|---|---|---|
| 6/6/2002 | MC | October postage. | 1 | |
|  |  |  | 1.06 | |
| 8/21/2002 | SGH | Fax to Damon Elmore. | 6 | |
|  |  |  | 0.50 | |
| 8/29/2002 | SGH | Fax to Damon Elmore. | 3 | |
|  |  |  | 0.50 | |
| 8/30/2002 | SGH | Federal Express charges. | 1 | 13.99 |
|  |  |  | 13.99 | |
| 10/1/2002 | CRS | Fax to Matthew Egeli. | 2 | |
|  |  |  | 0.50 | |
|  | SGH | Fax to Damon Elmore. | 3 | |
|  |  |  | 0.50 | |
| 11/30/2002 | TH | Copies | 29 | |
|  |  |  | 0.20 | |
| 12/9/2002 | CRS | Fax to Damon Elmore | 3 | |
|  |  |  | 0.50 | |
| 12/11/2002 | TH | Copy Mart Invoice No. 6489 | 1 | 28.88 |
|  |  |  | 28.88 | |
| 12/30/2002 | CRS | Fax to Damon Elmore | 2 | |
|  |  |  | 0.50 | |
| 1/2/2003 | CRS | Fax to Damon Elmore | 4 | |
|  |  |  | 0.50 | |
| 2/19/2003 | TH | Westlaw fees for January 2003 | 1 | 60.00 |
|  |  |  | 60.00 | |
| 2/28/2003 | MC | February postage. | 1 | |
|  |  |  | 0.37 | |
| 5/19/2003 | SGH | Fax to Damon Elmore | 2 | |
|  |  |  | 0.50 | |
| 5/30/2003 | MC | May postage. | 1 | |
|  |  |  | 0.60 | |
| 6/25/2003 | BD | Westlaw charges-April 2003 Inv. 804289109 | 1 | 19.21 |
|  |  |  | 19.21 | |
| | Total costs | | | $142.41 |

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE
PARTS ASSOCIATION, INC.

   Plaintiff,

v.

BEL AIR AUTOCARE
CENTER, INC. and GARY
FRANKLIN,

   Defendants.

CIVIL ACTION
NO. MJG 02 CV 3310

## ORDER OF DEFAULT JUDGMENT

Having considered Plaintiff's Motion for Entry of Default Judgment, this Court

hereby GRANTS said Motion and ORDERS that Judgment be entered for NATIONAL

AUTOMOTIVE PARTS ASSOCIATION, INC., and against BEL AIR AUTOCARE

CENTER, INC. and GARY FRANKLIN, in the amount of $116,456.00, together with

attorneys' fees and costs in the amount of $13,572.83. The Court further ORDERS that

the Defendants, and all those in active concert and participation with them, are

permanently enjoined from from using the NAPA tradename, as well as all registered

NAPA® trademarks and service marks, including but not limited to U.S. Registration No.

1209182 and U.S. Registration No. 1484828 in connection with the operation of any

automotive business, including but not limited to Bel Air Autocare Center, Inc.

   SO ORDERED, this _____ day of _____, 2003.


       _____
       THE HONORABLE JUDGE MARVIN J. GARBIS
       UNITED STATES DISTRICT COURT
       DISTRICT OF MARYLAND