IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE          )
PARTS ASSOCIATION, INC.      )
                             )          CIVIL ACTION
        Plaintiff,           )          NO. MJG 02 CV 3310
                             )
v.                           )
                             )
BEL AIR AUTOCARE             )
CENTER, INC. and GARY        )
FRANKLIN,                    )
                             )
        Defendants.          )

## PLAINTIFF'S CONSOLIDATED MOTION TO COMPEL DISCOVERY AND BRIEF IN SUPPORT

COMES NOW, NATIONAL AUTOMOTIVE PARTS ASSOCIATION, INC. ("NAPA"), Plaintiff in the above-styled action, and moves pursuant to Federal Rule of Civil Procedure 37(a) for an order compelling discovery to BEL AIR AUTOCARE CENTER, INC. and GARY FRANKLIN (hereinafter collectively referred to as "Defendants"), showing the Court as follows:

## I.      STATEMENT OF RELEVANT FACTS

On September 2, 2003, this Court entered an Order of Judgment by Default against Defendants in the amount of $116, 456.00, along with fees and costs in the amount of $13,572.83.  On September 8, 2003, NAPA served upon Defendants Post-Judgment Interrogatories and Request for Production of

Documents, seeking information regarding the location of Defendants' assets in order to facilitate collection of the judgment.  *See* Exhibit A.  Defendants failed to provide any responses to these discovery requests within thirty (30) days, thereby waiving all objections.  On October 21, 2003, NAPA sent a letter to Defendants indicating that discovery responses were overdue and requesting that Defendants provide responses as soon as possible.  *See* Exhibit B.  On November 7, 2003, NAPA once again attempted to avoid a discovery dispute by requesting responses to post-judgment discovery from Defendants' newly retained counsel.  *See* Exhibit C.  NAPA has also had numerous telephone conversations with Defendants' counsel regarding the overdue discovery responses.  To date, Defendants have failed to provide any responses to post-judgment discovery to NAPA.  As such, Defendant has been unable to move forward with collecting its judgment.

## II.    ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure 37(a) provides that where a party fails to respond to interrogatories or requests for production, the discovering party may move for an order compelling discovery and for sanctions where the party certifies that "the movant has in good faith conferred or attempted to confer with

the person or party failing to make the discovery in an effort to secure the information or material without court action." Fed. R. Civ. P. 37(a)(2)(B).

Defendants are over three months late in providing responses to NAPA's post-judgment discovery. As the attached correspondence shows, NAPA has repeatedly attempted to secure the requested information from both Defendants and their counsel without court intervention. Defendants have not provided any substantial justification for their failure to provide any discovery responses whatsoever. Because NAPA has made a good faith effort to resolve this dispute without court action, it respectfully requests that this Court order compelling responses to NAPA's Post-Judgment Interrogatories and Request for Production of Documents within thirty (30) days of the entry of said order. NAPA further requests that this Court grant it attorneys' fees in the amount of $450.00, for fees incurred in filing this motion necessitated by Defendants' failure to respond to discovery. *See* Declaration of Charlene R. Swartz, attached hereto. The award of such fees as a sanction for discovery non-compliance is specifically authorized by Rule 37(a)(4). A proposed order is attached hereto for the Court's convenience.

In accordance with LR 7.1(D), counsel for Plaintiff hereby certifies that this brief has been prepared with one of the font and point selections approved by the Court in LR 5.1(B) (Times New Roman, 14 point).

This 14th day of January, 2004.

Respectfully submitted,


/s/ Steven G. Hill
Steven G. Hill
Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP
2859 Paces Ferry Road
Suite 750
Atlanta, Georgia 30339
(770) 953-0995

Matthew A. Egeli
Maryland Bar No. 05987
Hartman and Egeli, LLP
116 Defense Highway
Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 (fax)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL AUTOMOTIVE | ) | |
| PARTS ASSOCIATION, INC. | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. MJG 02 CV 3310 |
| | ) | |
| v. | ) | |
| | ) | |
| BEL AIR AUTOCARE | ) | |
| CENTER, INC. and GARY | ) | |
| FRANKLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## **(PROPOSED) ORDER**

Having considered Plaintiff's Motion to Compel Discovery and for

Sanctions, the Court hereby GRANTS said Motion and ORDERS Defendants to

serve upon Plaintiff responses to Plaintiff's Post-Judgment Interrogatories and

Request for Production of Documents within thirty (30) days of the entry of this

Order.  The Court further ORDERS that Defendant pay Plaintiff the sum of

$450.00 for expenses incurred in making the motion.

So ordered this _____ day of _____, 2004.

_____
Judge Marvin J. Garbis
United States District Court Judge
District of Maryland

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE )
PARTS ASSOCIATION, INC. )
                 )        CIVIL ACTION
      Plaintiff, )        NO. MJG 02 CV 3310
                 )
v. )
                 )
BEL AIR AUTOCARE )
CENTER, INC. and GARY )
FRANKLIN, )
                 )
      Defendants. )

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a copy of the foregoing
PLAINTIFF'S CONSOLIDATED MOTION TO COMPEL DISCOVERY AND
BRIEF IN SUPPORT has been served via U.S. Mail, postage prepaid, upon the
following for Defendants:

Craig H. DeRan                 Bel Air AutoCare Center
Stark and Keenan             418 N. Main St.
30 Office Street                Bel Air, Maryland 21014
Bel Air, Maryland 21014
Counsel for Bel Air Autocare
Gary Franklin
418 N. Main St.
Bel Air, Maryland 21014

      This 14th day of January, 2003.

                            Respectfully Submitted,


                            /s/ Steven G. Hill
                            Steven G. Hill

Georgia Bar No. 354658
Hill, Kertscher & Pixley

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE          )
PARTS ASSOCIATION, INC.      )
                             )          CIVIL ACTION
        Plaintiff,           )          NO. MJG 02 CV 3310
                             )
v.                           )
                             )
BEL AIR AUTOCARE             )          **JURY TRIAL DEMANDED**
CENTER, INC. and GARY        )
FRANKLIN,                    )
                             )
        Defendants.          )

## PLAINTIFF'S POST-JUDGMENT INTERROGATORIES TO DEFENDANT BEL AIR AUTOCARE CENTER, INC.

COMES NOW, National Automotive Parts Association, Inc., Plaintiff herein, and pursuant to Federal Rules of Civil Procedure 34 and 69 and Maryland Rule of Civil Procedure 2-633, serves the following Interrogatories on Defendant Bel Air AutoCare Center, Inc. Defendant is hereby requested to produce answers to the below Interrogatories to Plaintiff National Automotive Parts Association, Inc., at the office of its counsel, Hill, Kertscher & Pixley, LLP, 3500 Riverwood Parkway, Suite 800, Atlanta, Georgia 30339, within thirty (30) days, pursuant to Fed. R. Civ. P. 33(b).

Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

If you refuse to respond fully to any Interrogatory, or any part thereof, under any claim of privilege please specifically set forth the basis for your refusal.

If you produce business records pursuant to Fed. R. Civ. P. 33(d) in lieu of answering any Interrogatory, specify in writing the business records from which the answer to the

Interrogatory can be derived or ascertained in response to the Interrogatory.

1.

Is the name of the Defendant Bel Air AutoCare Center, Inc., ("the Corporation") accurately shown in the above-caption, including spelling and punctuation?  If not, give the full name as shown on the corporate charter.

2.

Give the date of incorporation and the state under which the corporation is chartered.

3.

If the name of the Corporation has been changed at any time during its history, give each name that it has used in the past and the dates during which each name was used.

4.

Give the complete address and telephone number of the Corporation's current principal place of business.

5.

Give the names and positions of the current officers and directors of the Corporation.

6.

Does any person, firm or corporation own or have the beneficial interest in 10% or more of the voting stock of the Corporation?  If so, give the name and address of each such person, firm or corporation.

7.

If anyone owes the Corporation any money, state the name and address of each such debtor; the amount owed; the form of the obligation; the date the obligation was incurred; the

date the obligation becomes, or became, due and owing; the condition for payment of the

obligation, if any; and the consideration given for the obligation.

8.

If the Corporation owns a vehicle, indicate the year, make, model, and license number

of the vehicle; the name and address of the legal owner; the name and address of the registered

owner; the date of purchase; the name and address of the person or firm from whom the vehicle

was purchased; the purchase price of the vehicle; the name and address of each person who has

made payments on the vehicle; and how long you have been driving the vehicle.

9.

If the Corporation has an automobile or other vehicle at its disposal, for each such

vehicle state the year, make, model and license number of the vehicle; the name and address of

the legal owner; the name and address of the registered owner; the date of purchase; the name

and address of the person or firm from whom the vehicle was purchased; the purchase price of

the vehicle; the name and address of each person who has made the payments on the vehicle;

and how long the Corporation has been using the vehicle.

10.

If the Corporation owns any furniture or office equipment, give a complete description

of same; the date of purchase; the source of the funds used in the purchase; the estimated

present value; the present location; and the name and address of each other person with an

ownership interest in such item.

11.

If the Corporation owns any other personal property not referred to above, give a

complete description of same; present location of the property; the estimated present value of the property; and the name and address of each other person with an ownership interest in the property.

12.

If the Corporation has sold, mortgaged, encumbranced or transfered any property or assets owned, controlled or possessed by the Corporation for the period from November 1, 2001, to the present, give a complete description of same; the date of sale, mortgage, encumbrance, or transfer; the source of the funds used in the sale, mortgage, encumbrance, or transfer; the estimated present value of the property or assets; the amount of the sale, mortgage, encumbrance, or transfer; the present location of the property or assets; and the name and address of each other person with an ownership interest in such item.

13.

If the Corporation has any savings or commercial accounts in its name solely or jointly with other persons or entitles, with any bank or financial institution, for each such account, state the name and address of the bank or financial person authorized to draw on the account; the date the account was opened; the date the account was closed; the account number; and the amount of the present balance, if any, or the amount of the last balance before the account was closed.

14.

If there are any bank accounts on which the name of the Corporation does not appear but in which it has money deposited at this time, for each account state the name and address of the bank; each name under which the account stands; the account number; and the approximate

date and amount of each deposit made by or on behalf of the Corporation.

15.

If there are any safe deposit boxes, vaults, safes or other places of deposit and safekeeping in which the Corporation has deposited at this time any money, documents, or other items of personal property, for each place of deposit state the name and address of the depository institution; the number or other means of identification of deposit; the name and address of each person authorized to enter the deposit; and the date the deposit was made.

16.

If the Corporation owns an interest in any real property, for each parcel of property, state the address; the size; the description of each building, structure, or other improvement presently on the property; the method of acquisition of title; the date of acquisition; the name and address of the seller or person from whom title was acquired; the date and place the deed was recorded; the present location of the deed or other document of title; the name and address of each owner and the respective ownership interest of such owner; the purchase price; the portion of the purchase price paid in cash and the portion financed; the details of the financing; and the present balance on the purchase price.

17.

If any person, firm, or business entity holds any property for the Corporation's benefit, for each item of property state the name and address of such person, firm or business entity; a description of the property held for its benefit; the conditions under which the Property is held for its benefit; the approximate value of the property.

18.

- 13 -

If the Corporation presently owns or has an interest in any life insurance or annuity policy, for each such policy, state the name and address of the insurance company; the number of the policies; the type of policy (i.e., term, life, etc.); the date the policy was issued; the face amount of the policy; the amount of annual premium; the total amount of premiums paid on the policy to the date of your answer and the name and address of each person making such payment; the name and address of each owner of the policy; the name and address of each beneficiary named in the policy; the date of any change of beneficiary; the name of each beneficiary added and deleted; the date of assignment of the policy and the name of each assignee if the policy has been assigned; the name and address of the insurance agent or broker for the policy; the amount and the date of each loan made on the policy; the present case surrender value of the policy.

19.

If the Corporation owns any securities, including stocks, bonds, debentures, or mortgages, for each purchase state the type and number of securities owned; the name of the issuing entity; the date of purchase; the total purchase price; the name and address of the broker through whom you made the purchase; the name and address of each person with an ownership interest in such security as a result of the purchase.

20.

List the names and addresses of the Corporation's current customers; state the nature of their relationship to the Corporation; state the estimated amount of business you expect them to engage in with the company; and describe the method and expected time of payment to the corporation.

21.

Describe the nature of any current work being performed by the corporation for any person, entity or customer; the name and address of the person or entity for whom said work is being performed; the amount of any revenue expected from said work, and the expected time of payment.

22.

List the names and addresses of all persons with whom the Corporation has outstanding contracts, the work to be performed pursuant to said contracts; the nature of the contracts; the amount owed pursuant to the contracts; and the expected method and time of payment of said contracts.

23.

List all current accounts receivable of the Corporation; the amount of each account receivable; and the name and address of the person or entity from whom said account receivable is due.

24.

List all other current sources of income not otherwise specifically described in your previous answers, giving the name and address of the source, the name and amount of payment, and the future payments the Corporation expects to receive in the source.

25.

Give the name, address and telephone number of the person who owns the property that serves as your company's place of business.

This 8th day of September, 2003.

Respectfully Submitted,

_____
Steven G. Hill
Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP
2859 Paces Ferry Road
Suite 750
Atlanta, Georgia 30339
(770) 953-0995

Matthew A. Egeli
Maryland Bar No. 05987
Hartman and Egeli, LLP
116 Defense Highway
Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 (fax)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL AUTOMOTIVE | ) | |
| PARTS ASSOCIATION, INC. | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. MJG 02 CV 3310 |
| | ) | |
| v. | ) | |
| | ) | |
| BEL AIR AUTOCARE | ) | |
| CENTER, INC. and GARY | ) | |
| FRANKLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing PLAINTIFF'S POST-JUDGMENT INTERROGATORIES TO DEFENDANT BEL AIR AUTOCARE CENTER, INC., has been served via U.S. Mail, postage prepaid, upon the following for Defendants:

Gary Franklin
Bel Air Auto Care Center
418 N. Main St.
Bel Air, Maryland 21014

This 8th day of September, 2003.

Respectfully Submitted,

_____
Steven G. Hill
Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL AUTOMOTIVE | ) | |
| PARTS ASSOCIATION, INC. | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. MJG 02 CV 3310 |
| | ) | |
| v. | ) | |
| | ) | |
| BEL AIR AUTOCARE | ) | **JURY TRIAL DEMANDED** |
| CENTER, INC. and GARY | ) | |
| FRANKLIN, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S POST-JUDGMENT INTERROGATORIES TO DEFENDANT GARY FRANKLIN

COMES NOW, National Automotive Parts Association, Inc., Plaintiff herein, and pursuant to Federal Rules of Civil Procedure 34 and 69 and Maryland Rule of Civil Procedure 2-633, serves the following Interrogatories on Defendant Gary Franklin. Defendant is hereby requested to produce answers to the below Interrogatories to Plaintiff National Automotive Parts Association, Inc., at the office of its counsel, Hill, Kertscher & Pixley, LLP, 3500 Riverwood Parkway, Suite 800, Atlanta, Georgia 30339, within thirty (30) days, pursuant to Fed. R. Civ. P. 33(b).

Each Interrogatory must be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer.

If you refuse to respond fully to any Interrogatory, or any part thereof, under any claim of privilege please specifically set forth the basis for your refusal.

If you produce business records pursuant to Fed. R. Civ. P. 33(d) in lieu of answering any Interrogatory, specify in writing the business records from which the answer to the

Interrogatory can be derived or ascertained in response to the Interrogatory.

As used herein, the term "you" or "your" shall be defined as meaning Defendant Gary Franklin.

1.

Give the complete address and telephone number of your current place of residence.

2.

If anyone owes you any money, state the name and address of each such debtor; the amount owed; the form of the obligation; the date the obligation was incurred; the date the obligation becomes, or became, due and owing; the condition for payment of the obligation, if any; and the consideration given for the obligation.

3.

If you own a vehicle, indicate the year, make, model, and license number of the vehicle; the name and address of the legal owner; the name and address of the registered owner; the date of purchase; the name and address of the person or firm from whom the vehicle was purchased; the purchase price of the vehicle; the name and address of each person who has made payments on the vehicle; and how long you have been driving the vehicle.

4.

If the you have an automobile or other vehicle at your disposal, for each such vehicle state the year, make, model and license number of the vehicle; the name and address of the legal owner; the name and address of the registered owner; the date of purchase; the name and address of the person or firm from whom the vehicle was purchased; the purchase price of the vehicle; the name and address of each person who has made the payments on the vehicle; and

how long the Corporation has been using the vehicle.

5.

If you own any furniture or office equipment, give a complete description of same; the date of purchase; the source of the funds used in the purchase; the estimated present value; the present location; and the name and address of each other person with an ownership interest in such item.

6.

If you own any other personal property not referred to above, give a complete description of same; present location of the property; the estimated present value of the property; and the name and address of each other person with an ownership interest in the property.

7.

If you have sold, mortgaged, encumbranced or transfered any property or assets owned, controlled or possessed by you for the period from November 1, 2001, to the present, give a complete description of same; the date of sale, mortgage, encumbrance, or transfer; the source of the funds used in the sale, mortgage, encumbrance, or transfer; the estimated present value of the property or assets; the amount of the sale, mortgage, encumbrance, or transfer; the present location of the property or assets; and the name and address of each other person with an ownership interest in such item.

8.

If you have any savings or commercial accounts in its name solely or jointly with other persons or entitles, with any bank or financial institution, for each such account, state the name

and address of the bank or financial person authorized to draw on the account; the date the account was opened; the date the account was closed; the account number; and the amount of the present balance, if any, or the amount of the last balance before the account was closed.

9.

If there are any bank accounts on which your name does not appear but in which you have money deposited at this time, for each account state the name and address of the bank; each name under which the account stands; the account number; and the approximate date and amount of each deposit made by you or on your behalf.

10.

If there are any safe deposit boxes, vaults, safes or other places of deposit and safekeeping in which you have deposited at this time any money, documents, or other items of personal property, for each place of deposit state the name and address of the depository institution; the number or other means of identification of deposit; the name and address of each person authorized to enter the deposit; and the date the deposit was made.

11.

If you own an interest in any real property, for each parcel of property, state the address; the size; the description of each building, structure, or other improvement presently on the property; the method of acquisition of title; the date of acquisition; the name and address of the seller or person from whom title was acquired; the date and place the deed was recorded; the present location of the deed or other document of title; the name and address of each owner and the respective ownership interest of such owner; the purchase price; the portion of the purchase price paid in cash and the portion financed; the details of the financing; and the

present balance on the purchase price.

12.

If any person, firm, or business entity holds any property for your benefit, for each item of property state the name and address of such person, firm or business entity; a description of the property held for its benefit; the conditions under which the Property is held for its benefit; the approximate value of the property.

13.

If you presently own or have an interest in any life insurance or annuity policy, for each such policy, state the name and address of the insurance company; the number of the policies; the type of policy (i.e., term, life, etc.); the date the policy was issued; the face amount of the policy; the amount of annual premium; the total amount of premiums paid on the policy to the date of your answer and the name and address of each person making such payment; the name and address of each owner of the policy; the name and address of each beneficiary named in the policy; the date of any change of beneficiary; the name of each beneficiary added and deleted; the date of assignment of the policy and the name of each assignee if the policy has been assigned; the name and address of the insurance agent or broker for the policy; the amount and the date of each loan made on the policy; the present case surrender value of the policy.

14.

If you own any securities, including stocks, bonds, debentures, or mortgages, for each purchase state the type and number of securities owned; the name of the issuing entity; the date of purchase; the total purchase price; the name and address of the broker through whom you

made the purchase; the name and address of each person with an ownership interest in such security as a result of the purchase.

15.

List all other current sources of income not otherwise specifically described in your previous answers, giving the name and address of the source, the name and amount of payment, and the future payments the Corporation expects to receive in the source.

This 8th day of September, 2003.

Respectfully Submitted,

_____

Steven G. Hill
Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP
2859 Paces Ferry Road
Suite 750
Atlanta, Georgia 30339
(770) 953-0995

Matthew A. Egeli
Maryland Bar No. 05987
Hartman and Egeli, LLP
116 Defense Highway
Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 (fax)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE          )
PARTS ASSOCIATION, INC.      )
                             )          CIVIL ACTION
         Plaintiff,          )          NO. MJG 02 CV 3310
                             )
v.                           )
                             )
BEL AIR AUTOCARE             )
CENTER, INC. and GARY        )
FRANKLIN,                    )
                             )
         Defendants.         )

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing
PLAINTIFF'S POST-JUDGMENT INTERROGATORIES TO DEFENDANT
GARY FRANKLIN has been served via U.S. Mail, postage prepaid, upon the
following for Defendants:

Gary Franklin
Bel Air Auto Care Center
418 N. Main St.
Bel Air, Maryland 21014

This 8th day of September, 2003.

Respectfully Submitted,

_____
Steven G. Hill
Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE )
PARTS ASSOCIATION, INC. )
) CIVIL ACTION
Plaintiff, ) NO. MJG 02 CV 3310
)
v. )
)
BEL AIR AUTOCARE ) **JURY TRIAL DEMANDED**
CENTER, INC. and GARY )
FRANKLIN, )
)
Defendants. )

### PLAINTIFF'S POST-JUDGMENT REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS

COMES NOW, National Automotive Parts Association, Inc., Plaintiff herein, and pursuant to Federal Rules of Civil Procedure 39 and Maryland Rule of Civil Procedure 2-633, serves the following Request for Production of Documents in order to compel the production of books, writings, and other documents or tangible things in the possession of Defendant. Defendant is hereby requested to produce the documents set forth below to Plaintiff National Automotive Parts Association, Inc., at the office of its counsel, Hill, Kertscher & Pixley, LLP, 3500 Riverwood Parkway, Suite 800, Atlanta, Georgia 30339, within thirty (30) days, pursuant to Fed. R. Civ. P. 34.

As used herein, the term "document" or "documents" shall be defined as follows:

Every printing, record, graphic, photographic or sound reproduction of every type and description that is in your possession, custody, or control, including but not limited to correspondence, contracts, memoranda of agreements, assignments, licenses, minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, book of account, ordered invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys,

charts, analysis, publications, books, pamphlets, periodicals, catalogs, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, computer records, tapes and printouts, photographs, drawing, film , pictures, voice and tape recordings and transcriptions of telephone conversations; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

If an objection is made to a request or to part of an item or category, the reasons for the objection shall be specified.

As used herein, the term "Defendant," or any synonym thereof, is intended to and shall include and embrace, in addition to the Defendants Bel Air AutoCare Center, Inc. and Gary Franklin, named above, said Defendant's attorneys and all agents, servants, employees, representatives, investigators and all other who may have obtained information on behalf of said Defendant.

**The documents and things to be produced are as follows:**

1.

Any and all records, documents, internal memorandum and correspondence of all accounts, including checking and savings accounts with any banks, savings and loans, credit unions, money markets, brokerage firms or other financial institutions maintained by the Defendant, either individually and/or jointly with any other person or entity, including but not limited to monthly bank statements, cancelled checks and deposit slips, for the period of November 1, 2001, to the present.

2.

Any and all records, documents, internal memorandum and correspondence relating to

evidence of property, and/or interest in property, of every kind and character whatsoever owned by the Defendant, individually or with any other person or entity, including but not limited to any reversionary interests, deeds, stock certificates, time sharing agreements, bonds, notes, mutual fund shares, corporate agreements, partnership agreements, profit sharing and pension plan statements, saving account passbooks, savings certificates and money market accounts for the period November 1, 2001, to the present.

3.

Any and all warranty deeds, quit claim deeds and deeds to secure debt which name the Defendant as grantee or grantor, individually and/or jointly with any other person or entity, relating to any property in which the Defendants have, or had, any interest or equity for the period November 1, 2001, to the present.

4.

Any an all records, documents, internal memoranda, and correspondence, which evidence or relate to the ownership or lease of any motor vehicles by the Defendant, including but not limited to automobile tag registrations, certificates, automobile title certificates, and/or recreational vehicle tag registrations, titles or certificates, naming the Defendant, individually or jointly with any other person or entity, for the period November 1, 2001, to the present.

5.

Any and all records, documents, internal memorandum and correspondence which reflect or relate to registrations, certificates or other evidence of ownership of any boats or aircraft in which the Defendant have, or had, any interest for the period November 1, 2001, to the present.

6.

Any and all records, documents, internal memorandum, correspondence, stock certificates, K-1's, bond certificates, mutual fund certificates and any other evidence of ownership of any interest in any corporation, partnership, fund, or trust fund naming the Defendant, individually and/or jointly with any person or entity, for the period November 1, 2001, to the present.

7.

All contents of any and all safety deposit boxes maintained by the Defendant, individually or jointly with any person or entity, as of the date of service of this Request for Production of Documents.

8.

Any and all records, documents, internal memoranda and correspondence relating to any profit and loss statements, balance sheets, financial and/or net worth statements prepared by or on behalf of Defendant for the period November 1, 2001, to the present, including but not limited to any financial and/or net worth statements submitted by the Defendant to any bank, lending institution or any other entity.

9.

Any and all records, documents, internal memoranda and correspondence received by the Defendant during the past four years from any real estate agent, attorney, accountant or other person whatsoever, notifying the Defendant of the value(s) of Defendant's interest in any corporation, trust, partnership, reversionary interest, estate or any property whatsoever or wherever located, whether real or personal.

10.

Any and all life insurance policies, certificates on the life of any person, and all statements or other documents reflecting cash and surrender values, and the balance of any and all loans paid in connection therewith, where the Defendant is named as an owner, assignee, beneficiary or loss payee, for the period November 1, 2001, to the present.

11.

Any and all statements, documents, analysis, invoices, bills or summaries given to the Defendant by any stockbroker or association of stockbrokers, from whom the Defendant has bought stock, or to whom the Defendant have sold or with whom the Defendant has an account, for the period November 1, 2001, to the present.

12.

Any and all documents, contracts, or proposed contracts relating to the sale or purchase of any goods, property or services by the Defendant for the period November 1, 2001, to the present.

13.

Copies of any real estate tax bills received by the Defendant for the period November 1, 2001, to the present.

14.

Any and all bonds, coupons, notes, certificates of deposits, or other securities, instruments, or choses in action owned by the Defendant, individually or jointly with any other person or entity, for the period November 1, 2001, to the present.

15.

Any and all copies of income tax returns, gift tax returns, sales and use tax returns, and/or intangible tax returns, filed by the Defendant, individually or jointly with any other person or entity, with the federal, State or municipal governments, for the period November 1, 2001, to the present.

16.

Any and all records, documents, internal memoranda and correspondence which relate to any assets owned, controlled, or possessed by the Defendant for the period November 1, 2001, to the present.

17.

Any and all records, documents, internal memoranda, correspondence, deeds, agreements, contracts or invoices relating to the purchase, sale, mortgage, encumbrance or transfer of any property or assets owned, controlled or possessed the Defendant for the period November 1, 2001, to the present.

18.

Any and all records, documents, internal memoranda or correspondence relating to the formation, incorporation or corporate affairs or any corporation owned in whole or in part by the Defendant, including but not limited to articles of incorporation, by-laws, minutes of shareholders' or directors' meetings, minute books, resolutions, officer and director appointments or stock subscription agreements.

19.

Any and all records, documents, internal memoranda or correspondence relating to the formation or operation of any corporation, partnership, proprietorship or joint venture formed

by the Defendant, or in which the Defendant has an interest, including but not limited to Bel

Air AutoCare, Inc., for the period November 1, 2001, to the present.

20.

Any and all records, documents, internal memoranda, or correspondence relating to any

trust created by or on behalf of the Defendant or in which the Defendant has an interest for the

period November 1, 2001, to the present.

21.

Any and all records, documents, internal memoranda or correspondence relating to

accounts receivable carried on the books of the Defendant for the period November 1, 2001, to

the present.

22.

All ledgers, summaries, and financial reports regarding all financial transactions of the

Defendant for the period November 1, 2001, to the present, including but not limited to general

ledgers, accounts payable and accounts receivable ledgers.

23.

Any and all records, documents, internal memoranda or correspondence relating to any

tax refunds due to, or receive by, the Defendant from any governmental unit for the period

November 1, 2001, to the present.

24.

Any and all records, documents, internal memoranda or correspondence relating to any

positions held by the Defendant either as an executor or trustee pursuant to any will or trust for

the period November 1, 2001, to the present.

25.

Any and all records, documents, internal memoranda or correspondence relating to any pending litigation involving the Defendant.

26.

Any and all records, documents, internal memoranda or correspondence relating to any investment, brokerage, financial, depository or bank account on which the Defendant is a signatory for the period November 1, 2001, to the present.

27.

Any and all records, documents, internal memoranda or correspondence relating to any investment, brokerage, financial, depository or bank accounts held or maintained by the Defendant outside of the United States of America for the period November 1, 2001.

28.

Any and all records, documents, internal memoranda or correspondence relating to any patents, copyrights or royalties in which the Defendant has an interest, or which have been paid to the Defendant, for the period November 1, 2001, to the present.

29.

Any and all records, documents, internal memoranda or correspondence relating to any real or personal property leased by, or on behalf of, the Defendant, or for any entity including but not limited to IT HUB, Inc., for the period November 1, 2001, to the present, including but not limited to copies of all leases and documents reflecting income received from said leases.

30.

Any and all records, documents, internal memoranda or correspondence relating to any

judgments or settlements involving the Defendant for the period November 1, 2001, to the present.

31.

Any and all records, documents, internal memoranda or correspondence relating to any fire or casualty loss suffered by the Defendant for the period November 1, 2001, to the present, including but not limited to insurance payments covering said losses.

32.

Any and all records, documents, internal memoranda or correspondence relating to any gifts made by, or received from, the Defendant for the period November 1, 2001, to the present.

33.

Any and all records, documents, internal memoranda or correspondence relating to any of the Defendant's interest in, management of, or establishment of any profit sharing, pension or retirement plan for the period November 1, 2001, to the present.

34.

Any and all records, documents, internal memoranda or correspondence relating to any credit cards used or maintained by the Defendant for the period November 1, 2001, to the present.

35.

Any and all records, documents, internal memoranda or correspondence relating to any of the Defendant's interests in, operation of, directorship of, or officership of any corporation, partnership, limited liability partnership, limited liability company, or proprietorship, including

but not limited to Bel Air AutoCare, Inc.

36.

Any and all records, documents, internal memoranda or correspondence relating to any

financing statements or UCC Article I statements filed by third parties having a security

interest in any property owned by Defendant.

This 8th day of September, 2003.

Respectfully Submitted,

_____
Steven G. Hill
Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP
2859 Paces Ferry Road
Suite 750
Atlanta, Georgia 30339
(770) 953-0995

Matthew A. Egeli
Maryland Bar No. 05987
Hartman and Egeli, LLP
116 Defense Highway
Suite 300
Annapolis, Maryland 21401
(410) 266-3232
(410) 266-5561 (fax)

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL AUTOMOTIVE | ) | |
| PARTS ASSOCIATION, INC. | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. MJG 02 CV 3310 |
| | ) | |
| v. | ) | |
| | ) | |
| BEL AIR AUTOCARE | ) | |
| CENTER, INC. and GARY | ) | |
| FRANKLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing PLAINTIFF'S POST-JUDGMENT REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS has been served via U.S. Mail, postage prepaid, upon the following for Defendants:

Gary Franklin
Bel Air Auto Care Center
418 N. Main St.
Bel Air, Maryland 21014

This 8th day of September, 2003.

Respectfully Submitted,

_____
Steven G. Hill
Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP

# EXHIBIT B

*Steven G. Hill*                                               *EMAIL:  sgh@hkplaw.com*

October 21, 2003

**Via U.S. Mail**

Gary Franklin
Bel Air Auto Care Center
418 N. Main St.
Bel Air, Maryland 21014

      Re:     National Automotive Parts Association, Inc.  v.  Bel Air Auto Care Center,
               Inc., Gary Franklin
               Civil Action File No. MJG 02 CV 3310

Dear Mr. Franklin:

      The deadline for your responses to NAPA's Post-Judgment Interrogatories and Requests for Production of Documents has passed, and we have not yet received your responses.  Please send these within five (5) days of receipt of this letter, or we will file a motion to compel with the Court.  Please consider this letter an attempt to confer in good faith in an effort to resolve an emerging discovery dispute.

      Thank you for your attention to this matter.

               Sincerely,

               Steven G. Hill

SGH/crs
Enclosure

# EXHIBIT C

*Charlene R. Swartz*                                    *E-Mail: crs@hkplaw.com*

November 7, 2003

**<u>VIA FACSIMILE (410-879-0688)</u>**
Craig H. DeRan
Stark and Keenan
30 Office Street
Bel Air, Maryland  21014

Re:    National Automotive Parts Association, Inc. v. Bel Air Auto Care Center,
        Inc. et al.

Dear Mr. De Ran:

Per our telephone conversation, attached please find NAPA's Post-Judgment Interrogatories and Requests for Production of Documents in the above-referenced matter. Defendants' responses are well overdue; please advise as soon as possible as to when we can expect responses in order to avoid our having to file a motion compel with the court.

It is also my understanding that you will provide us with pictures of the Bel Air Auto Care store to confirm that the NAPA signage and other intellectual property have been removed in compliance with the Court's Default Judgment Order.  I look forward receiving those as soon as possible.

Please feel free to contact me to discuss any of the above.  Thank you for your prompt attention to these matters.

Sincerely yours,

Charlene R. Swartz

CRS/mc
Enclosures

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE )
PARTS ASSOCIATION, INC. )
       ) CIVIL ACTION
     Plaintiff, ) NO. MJG 02 CV 3310
       )
v. )
       )
BEL AIR AUTOCARE )
CENTER, INC. and GARY )
FRANKLIN, )
       )
     Defendants. )

## DECLARATION OF CHARLENE R. SWARTZ

     I, Charlene R. Swartz, declare under penalty of perjury that the following statements are true and correct:

1.    I am trademark counsel for Plaintiff, and am familiar with the on-going facts of this case.  I am billed at $150.00 per hour.  I am a competent trademark lawyer who works on trademark matters for this client and other national corporations.  For a second-year associate with substantial second-chair trial experience, this rate is fair and reasonable.

2.    I billed three (3) hours in making this Motion to Compel and brief in support.  At my billing rate, NAPA has incurred $450.00 dollars in attorneys' fees.

3.    All of the work done was necessary to advance the case, including research of local and federal rules, as well as the preparation, service, and filing of the motion.

[SIGNATURE ON FOLLOWING PAGE]

Dated:  January 14, 2003

/s/ Charlene R. Swartz
Charlene R. Swartz

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

NATIONAL AUTOMOTIVE          )
PARTS ASSOCIATION, INC.      )
                             )          CIVIL ACTION
    Plaintiff,           )          NO. MJG 02 CV 3310
                             )
v.                           )
                             )
BEL AIR AUTOCARE             )
CENTER, INC. and GARY        )
FRANKLIN,                    )
                             )
    Defendants.          )

## RULE 37 CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that, through

telephone conversations and correspondence, he has made a good faith effort to

confer with counsel for Defendants Bel Air AutoCare Center, Inc. and Gary

Franklin regarding their failure to respond to Plaintiff's Post-Judgment discovery,

in an effort to secure the information or material without court action, pursuant to

Federal Rule of Civil Procedure 37(a).

This 14th day of January, 2004.

Respectfully submitted,


/s/ Steven G. Hill
Steven G. Hill

Georgia Bar No. 354658
Admitted *Pro Hac Vice*
Attorney for the Plaintiff
Hill, Kertscher & Pixley LLP
2859 Paces Ferry Road
Suite 750
Atlanta, Georgia 30339
(770) 953-0995

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NATIONAL AUTOMOTIVE | ) | |
| PARTS ASSOCIATION, INC. | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. MJG 02 CV 3310 |
| | ) | |
| v. | ) | |
| | ) | |
| BEL AIR AUTOCARE | ) | |
| CENTER, INC. and GARY | ) | |
| FRANKLIN, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing RULE 37 CERTIFICATION has been served via U.S. Mail, postage prepaid, upon the following for Defendants:

Craig H. DeRan                          Bel Air AutoCare Center
Stark and Keenan                       418 N. Main St.
30 Office Street                          Bel Air, Maryland 21014
Bel Air, Maryland 21014
Counsel for Bel Air Autocare
Gary Franklin
418 N. Main St.
Bel Air, Maryland 21014

This 14th day of January, 2003.

Respectfully Submitted,


/s/ Steven G. Hill
Steven G. Hill

Georgia Bar No. 354658
Hill, Kertscher & Pixley