# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
SUSAN K. GAUVEY
U.S. MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_skgchambers@mdd.uscourts.gov
(410) 962-4953
(410) 962-2985 - Fax

March 12, 2004

Matthew Alfred Egeli, Esq.
Hartman and Egeli
116 Defense Hwy, Suite 300
Annapolis, MD 21401

Steven G. Hill, Esq.
Hill, Kertscher and Pixley
2859 Paces Ferry Rd., Suite 750
Atlanta, GA 30339

Craig H. DeRan, Esq.
Stark and Keenan
30 Office Street
Bel Air, Maryland 21014

Gary Franklin
Bel Air AutoCare Center
418 N. Main St.
Bel Air, Maryland 212014

    Re:  National Automotive Parts Association, Inc., v. Bel Air
        Autocare Center, Inc. and Gary Franklin; Civil No.
        MJG-02-3310

Dear Counsel:

    By Order dated February 6, 2004, Judge Garbis referred to
the undersigned Magistrate Judge all supplemental proceedings
in this case.  On January 14, 2003, the plaintiff had filed a
motion to compel defendants to answer request for production
of documents and interrogatories pursuant to Rule 37(a) of the
Federal Rules of Civil Procedure.  (Paper No. 18).

The history of the plaintiff's discovery efforts in this supplemental proceeding are as follows: On September 2, 2003, this Court entered an Order of Judgment by Default against Defendants in the amount of $116,456.00, along with fees and costs in the amount of $13,572.83.  On September 8, 2003, the plaintiff served upon defendants post-judgment interrogatories and request for production of documents, seeking information regarding the location of the defendants' assets in order to execute the judgment.  The defendants failed to provide any response to these discovery requests within the requisite thirty day period.  Accordingly, on October 21, 2003, the plaintiff's counsel sent a letter to the defendants reminding them of the overdue discovery requests and requesting that responses be provided as soon as possible.  On November 7, 2003, the plaintiff sent another letter to the defendants' newly retained counsel, again requesting responses to the post-judgment discovery requests.  Plaintiff's counsel also has had "numerous" telephone conversations with defendants' counsel, yet the defendants still have not responded to the post-judgment discovery requests, nor have they responded to the plaintiff's motion to compel.  Consequently, the plaintiff has been unable to move forward with collecting its judgment.

Plaintiff asks as relief, that this Court Order responses to the plaintiff's post-judgment interrogatories and request for production of documents within thirty days of the entry of the Court's Order.  Additionally, the plaintiff requests that this Court, pursuant to Rule 37(a)(4), grant it attorney's fees in the amount of $450.00, for fees incurred in filing this motion, which was necessitated by the defendants' failure to respond to discovery.

In deciding this matter, the Court is bound by both the rules of discovery and those rules pertaining to post-judgment proceedings.  Federal Rule 69 instructs that proceedings in aid of executing judgments, "should be in accordance with the practice and procedure of the state in which the district court is held...."  In furtherance of executing a judgment, Rule 69 permits the judgment creditor to obtain discovery from the judgment debtor in the manner provided in both the Federal Rules of Discovery and the rules of the state in which the district court is held.  Maryland Rule 2-633, of the Maryland Rules of Civil Procedure, provides that a judgment creditor may obtain discovery to aid enforcement of a money judgment either by the use of depositions, interrogatories, and requests for documents; or by an examination before a judge.

2

Since, the plaintiff has not requested the alternative discovery method of examination before a judge, the undersigned proceeds by evaluating the plaintiff's requests in accordance with the discovery rules regarding interrogatories and requests for documents.

<u>Failure to Respond to Interrogatories and Request for Documents</u>

The plaintiff's attorneys have demonstrated their good faith attempt to obtain responses from the defendants; nonetheless, the defendants have failed to produce any responses to the interrogatories or requests for documents. Six months have elapsed since the plaintiff first filed its post-judgment discovery requests and the defendants have provided no reason for their failure to respond. Federal Rules 33(b), 34(b) require parties to file responses to interrogatories and requests for documents within thirty days after the service of request. This Court recognizes that despite the importance of interrogatories, they are seldom answered on time because it is frequently difficult to do so within 30 days. <u>See</u> <u>Lee v. Flagstaff Industries Corp</u>., 173 F.R.D. 651, 653-54 (D. Md. 1997). In these cases, it is "common practice" for counsel to agree to provide each other with extensions of time. <u>Id</u>. at 654. In the instant case, defendants did not respond timely to the interrogatories, or requests for documents, or make arrangements with the plaintiffs for an extension of time. Consequently, in accordance with Federal Rule 37, this Court Orders the defendants to fully answer the plaintiff's requests for interrogatories and production of documents by March 26, 2004.

<u>Request for Attorney's Fees</u>

Plaintiff's counsel also requests an award of attorney's fees in the amount of $450.00 for fees incurred as a result of filing this motion to compel with the Court. Nonetheless, Federal Rule 37 provides for sanctions and fees in circumstances where a party has not complied with the rules and has not made an effort to foster smooth and efficient discovery.

A court may "make such orders in regard to the failure that are just." Fed. R. Civ. P. 37(d). The Fourth Circuit has developed a four-part test for the imposition of sanctions under Rule 37. "The Court must determine (1) whether the non-

complying party acted in bad faith, (2) the amount of
prejudice that noncompliance caused adversary, (3) the need
for deterrence of the particular sort of non-compliance, and
(4) whether less drastic sanctions would have been effective."
<u>Anderson</u> <u>v. Foundation For Advancement, Education and</u>
<u>Employment of American Indians</u>, 155 F. 3d 500, 504 (4th Cir.
1998).  In the instant case, the defendants failed to comply
with Federal Rules 33(b), 34(b).  The defendants have provided
no reason for their failure to respond to plaintiff's
discovery requests, nor have they demonstrated that they have
acted in good faith.  Additionally, the defendants have not
responded to the plaintiff's motion to compel.  The
defendants' non-compliance has prejudiced the plaintiff by
prohibiting the plaintiff from executing its judgment that was
entered on September, 2 2003.  In light of the defendants'
disregard for the discovery process, it appears an award of
reasonable fees incurred in filing this motion to compel to be
warranted as defendants' actions appear to have left plaintiff
with no choice.  However, Rule 37 gives the defendants an
opportunity to be heard on the award of expenses and
defendants have until March 26, 2004, to file a response to
request for expenses.

     Despite the informal nature of this letter, it is an
Order of the Court and shall be docketed as such.

                         Sincerely yours,

                              /s/

                         Susan K. Gauvey
                         United States Magistrate
Judge

cc:  Court file

4